UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HELAYNE SEIDMAN,                          :
                                          :
                    Plaintiff,        :
                                          :    08 CV 2948 (DC)
      against                       :
                                          :    DEFENDANT TIME INC.'S
                                          :    ANSWER TO
TIME INC.,                                :    THE COMPLAINT
                                          :
                    Defendant     :
------------------------------------------------------------x

       Defendant Time Inc. (the "Defendant" or "Time") by and through its attorneys, as and for its Answer to plaintiff's Complaint (hereinafter the "Complaint"), alleges as follows:

## GENERAL ALLEGATIONS

    1.    Defendant denies the allegations in paragraph 1 of the Complaint, except admits that plaintiff asserts a copyright infringement claim.

    2.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

    3.    Defendant denies the allegations in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff has earned significant revenue from licensing.

    4.    Defendant denies the allegations in paragraph 4 of the Complaint, except alleges that a book entitled "The Most Notorious Crimes in American History" was published by Time Inc. Home Entertainment.

    5.    Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. In response to the allegation in paragraph 7 of the Complaint, Defendant responds that attempts were made to negotiate a fair and reasonable payment for use of the subject photograph in the book.

8. Defendant denies the allegations in paragraph 8 of the Complaint

## THE PARTIES

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 9 of the Complaint, except Defendant admits that plaintiff has engaged in the photograph business.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 12 of the Complaint.

13. To the extent the allegations of paragraph 13 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation thereof.

14. To the extent the allegations of paragraph 14 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every

allegation thereof, except Defendant admits that it conducts business within the State of New York.

### FIRST CAUSE OF ACTION COPYRIGHT INFRINGEMENT

15. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 22 of the Complaint.

### DAMAGES

19. In response to the unnumbered paragraph entitled "Damages," Defendant denies that plaintiff has suffered and is entitled to recover from Defendant damages sought by plaintiff.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that plaintiff does not hold a valid copyright in the allegedly infringed works.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to the extent that plaintiff did not hold a copyright registration certificate for the photographic image at issue at the time the action was filed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any alleged use of the photographic images at issue was pursuant to permission, license and authorization.1(a).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

Defendant's use, if any, of the photographic image at issue was done with an innocent intent and without any belief that its acts constituted an infringement of copyright.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever that would constitute a violation of any rights of plaintiff or a breach of any duty owed to plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has suffered no damages and any damages alleged are too speculative and imprecise.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Without in any way admitting that Defendant's conduct was in any way unlawful or wrongful or that plaintiff was in any way damaged by any conduct of the defendant, plaintiff is barred from any recovery by her failure to mitigate or eliminate her damages, if any, and any recovery to plaintiff should be reduced accordingly.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Defendant has not reaped any profits attributable to any infringement(s).

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A THIRTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A FOURTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A FIFTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this action is barred by the doctrines of set-off or recoupment.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A SEVENTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees and/or statutory damages.

### AS AND FOR A NINETHEENTH AFFIRMATIVE DEFENSE

Any alleged injuries or damages alleged in the Complaint were caused, in whole or in part, by the acts, omissions, negligence or wrongdoing of plaintiff and/or other persons or entities for which Defendant is not responsible or liable and did not result from any actions, omissions, negligence or wrongdoing on the part of Defendant. Plaintiff is therefore barred entirely from recovery against Defendant, or alternatively, any recovery should be proportionately reduced.

WHEREFORE, the Defendant respectfully requests that the Court enter judgment in its favor as follows:

(A) That plaintiff take nothing by reason of her Complaint.

(B) That the complaint be dismissed in its entirety with prejudice.

(C) That Defendant recovers from plaintiff the costs and disbursements incurred herein; and

(D) That Defendant recovers such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 26, 2008

Respectfully submitted,

TIME INC.

By: _____
Andrew B. Lachow (ABL-2932)
Time Inc.
Vice President and Deputy General
Counsel - Litigation
1271 Avenue of the Americas
New York, New York 10020
(212) 522-8307
Attorneys for Defendant Time Inc.