UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HELAYNE SEIDMAN,                                    08 CIV. 2948 (DLC)

                        Plaintiff,

                                                       (PROPOSED)
        v.                                                                          **SCHEDULING ORDER**

TIME INC.,

                        Defendant.
-----------------------------------------------------------X

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

A scheduling/planning conference pursuant to F.R.C.P. 16(b) is set for 10:30 a.m. in Courtroom 11B at the United States Court House, 500 Pearl Street, New York, New York, before the Honorable Denise Cote. This Proposed Scheduling Order is submitted in accordance with and in the form required by F.R.C.P. 16(b) and by Order of the Court dated June 3, 2008. The parties are represented by the following counsel:

    a.    <u>Plaintiff Helayne Seidman:</u>

            Andrew J. Maloney III
            Dan Nelson
            Kreindler & Kreindler LLP
            100 Park Ave
            New York, NY 10017

    b.    <u>Defendant Time Inc.:</u>

            Andrew Lachow
            Time Inc.
            1271 Avenue of the Americas
            New York, New York 10020

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs: Plaintiff has pled a claim for copyright infringement under federal law, on the basis that Defendant Time Inc. incorporated her copyrighted photograph of John Gotti in a book without her permission. The subject book was sold to the public.

b. Defendant: Defendant denies the allegations in the Complaint and further states that any alleged use of the image at issue was pursuant to permission, license and authorization of the plaintiff. Defendant further states that any use was done with an innocent intent and that it acted in good faith at all times. Defendant reserves the right to contest the validity of the plaintiff's registration.

## 3. UNDISPUTED FACTS

The following facts are undisputed: Plaintiff has a timely registered copyright in the subject image of John Gotti. A subsidiary of the Defendant is the publisher of a book entitled "The 50 Most Notorious Crimes in American History," which includes the subject photograph.

## 4. COMPUTATION OF DAMAGES

Plaintiff seeks the recovery of all recoverable damages for the infringement of her copyrights, including, at her election before entry of judgment, Defendant Time Inc.'s profits attributable to the subject infringement, or statutory damages of up to $150,000.00 plus attorneys' fees and costs. Defendant denies that plaintiff suffered any damages and, in particular, disputes that Defendant has reaped any profits attributable to the infringement.

## 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

a.  <u>Date of Rule 26(f) meeting:</u>   Tuesday July 8, 2008.

b.  <u>Names of each participant and party he/she represented:</u>

Dan Nelson
Kreindler & Kreindler LLP
100 Park Ave
New York, NY 10017

Counsel for Plaintiff Helayne Seidman

Andrew Lachow
Time Inc.
1271 Avenue of the Americas
New York, New York 10020

Counsel for Defendant Time Inc.

c.  <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):</u>

All parties have agreed to exchange their Rule 26(a)(1) initial disclosures by September 5, 2008.

d.  <u>Rule 26(a)(1) disclosures:</u>   See paragraph (c) above.

e.  The parties have agreed to conduct informal discovery when possible.

## 6. CASE PLAN AND SCHEDULE

a.  <u>Deadline for Joinder of Parties and Amendment of Pleadings:</u>   September 19, 2008

b.  <u>Discovery Cut Off:</u>

  (1)  The discovery cut off for fact witnesses is December 19, 2008.

  (2)  The discovery cutoff for expert witnesses is January 30, 2009.

c.  <u>Dispositive Motion Deadline:</u>   February 27, 2009.

    d.    <u>Expert Witness Disclosures:</u>

        (1)    Anticipated fields of expert testimony:

            (a)    Photograph licensing and valuation.

        (2)    Any limitations proposed on the use or number of expert witnesses: None

        (3)    Plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. Rule 26(a)(2) on or before November 14, 2008. Defendants shall designate experts and provide opposing counsel with all information specified in Fed. R. Civ. P. Rule 26(a)(2) on or before December 19, 2008.

        (4)    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 9, 2009.

        (5)    Notwithstanding the provisions of Fed. R. Civ. P. Rule 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.    <u>Deposition schedule:</u>  To be determined.

f.    <u>Interrogatory Schedule:</u> Two sets of interrogatories per party to be served on each of the other parties so that responses are due by the discovery cutoff.

g.    <u>Schedule for Request for Production of Documents</u>: Two sets of Requests for Production of Documents per party to be served on each of the other parties so that responses are due by the discovery cutoff.

    h.    <u>Discovery Limitations</u>: The parties agree to be bound by the limitations set forth in the Federal Rules of Civil Procedure, unless augmented by an order of the court.

## 7. COMPLIANCE WITH FED. R. CIV. P. 26(f)

The parties herein certify that as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.

## 8. OTHER SCHEDULING ISSUES

    a.    Scheduling issues parties were unable to agree on: None.

    b.    Anticipated length of trial and whether trial is to the court or jury: The parties anticipate that the case can be tried in 4 trial days. Plaintiff requests a trial by jury.

## 9. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

Dated this ___st day July, 2008.

BY THE COURT:

_____
Honorable Denise Cote
United States District Judge
Southern District of New York

APPROVED:

_____
Andrew J. Maloney III
Dan Nelson
Kreindler & Kreindler LLP
100 Park Ave
New York, NY 10017

Counsel for Plaintiff Helayne Seidman

_____
Andrew Lachow
Time Inc.
1271 Avenue of the Americas
New York, New York 10020

Counsel for Defendant Time Inc.