UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELAYNE SEIDMAN,

                              Plaintiff,                 **FIRST AMENDED**
                                                           **COMPLAINT**
             v.                                            **& JURY DEMAND**

TIME INC., TIME INC. HOME ENTERTAINMENT,

                              Defendants.
------------------------------------------------------------------X

      Plaintiff HELAYNE SEIDMAN, by and through her attorneys, Kreindler & Kreindler LLP pursuant an order of the Court and agreement of the parties, and submits the following First Amended Complaint and Jury Demand.

## GENERAL ALLEGATIONS

      1.     This is an action for copyright infringement that arises from the use of plaintiff's famous photograph of John Gotti and Salvatore Gravano (the "subject photograph").

      2.     Plaintiff is a professional photographer who created the subject photograph and has registered copyright in the subject photograph.

      3.     The subject photograph is a famous image that has earned plaintiff significant revenue from licensing.

      4.     Defendant Time Inc. ("Time") is the parent company of Defendant Time Inc. Home Entertainment, which published a book entitled "The Most Notorious Crimes in American History" (the "infringing book").

      5.     At no time did plaintiff Seidman grant to defendants, or either of them, the right to

use her photograph in the infringing book.

6. Notwithstanding, defendants willfully included the subject photograph in the infringing book without plaintiff's permission.

7. Defendants made no payment whatsoever to plaintiff for the inclusion of the subject photograph in the infringing book.

8. Defendants did not credit plaintiff on the subject photograph itself or below, in the infringing book.

## THE PARTIES

9. Plaintiff Seidman is a professional photographer who has taken several famous photographs including the photograph which is the subject of this litigation.

10. Defendant Time is a corporation incorporated under the laws of Delaware with its principal place of business at 1271 Avenue of the Americas, New York, NY 10020.

11. Defendant Defendant Time Inc. Home Entertainment is a corporation incorporated under the laws of Delaware with its principal place of business at 1271 Avenue of the Americas, New York, NY 10020.

12. Defendant Time is a corporation in good standing licensed to transact lawful business within the State of New York.

13. Defendant Time Inc. Home Entertainment is a corporation in good standing licensed to transact lawful business within the State of New York.

## JURISDICTION AND VENUE

14. The plaintiff resides within the State of New York in this District and has resided here at all times pertinent herein.

15. Jurisdiction for the plaintiff's claims lies within the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976 17 U.S.C. §101, et. seq., and 28 U.S.C. §1338(a) (conferring original jurisdiction over such district courts for claims arising under any act of Congress related to copyrights).

16. Venue is proper under 28 U.S.C. §1391 since defendant has infringed plaintiff's copyright in this district. Further, defendants conducts business within the State of New York and has committed torts within the State of New York as described herein.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
(Against Both Defendants)

17. The plaintiff, as the owner of the subject photograph, has complied with the provisions of the copyright act, 17 U.S.C. §101, et. seq.

18. Defendants' infringing book directly infringes on plaintiff Seidman's copyright.

19. Without permission or authorization from the plaintiff, defendantd impermissibly used, reproduced, copied, infringed, disseminated or otherwise exploited plaintiff Seidman's copyrighted image without permission, payment, or appropriate credit.

20. By commercially exploiting the plaintiff's copyright image in the infringing book, defendants have generated significant revenues. Plaintiff claims those revenues and all other

damages recoverable under allocable law, including statutory damages and attorneys fees.

## DAMAGES

As a result of defendants' misappropriation of plaintiff's copyrighted images, plaintiff has suffered and claims as damages, all available damages under the Copyright Act including statutory damages, costs and attorneys fees and her actual damages including defendant's profits attributable to the infringement of plaintiff's images. These damages include, but are not limited to, all revenues generated by the sale of the infringing book. These damages are likely to be in excess of $500,000.00, to be determined by a jury at trial.

WHEREFORE the plaintiff respectfully prays for judgment on her behalf for injuries damages and losses in amounts allowable by law along with costs, interests, statutory damages, attorneys fees, injunctive relief, disgorgement of profits attributable to infringements and any other relief as authorized by law.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable as of right.

Dated: New York, New York
      July 24, 2008

                                         Yours, etc.

                                         KREINDLER & KREINDLER LLP

                                         By: _____
                                             Andrew J. Maloney, III, AM8684
                                           Danial A. Nelson
                                           100 Park Avenue
                                           New York, NY  10017
                                           (212) 687-8181
                                           *Attorneys for Plaintiff*